# CHARLESTON.

THOMAS MAXON'S ADMINISTRATRIX v. THE MAXON-MILLER
CO. AND OTHERS.

Submitted February 13, 1903.    Decided April 11, 1903.

1.    CORPORATION—*President.*

   A president of a corporation is not entitled to any com-
   pensation for services rendered as such president unless the
   same is allowed by the stockholders. Section 53, chapter 53,
   Code. *Ravenswood S. G. R. R. Co.* v. *Woodyard,* 46 W. Va.
   558, (33 S. E. 285.)    (p. 150).

Appeal from Circuit Court, Cabell County.

Bill by Thomas Maxon's Administratrix against the Maxon-
Miller Company and others. Decree for plaintiff and defend-
ant, The Springfield Malleable Iron Company, appeals.

*Reversed in part.    Affirmed in part.*

GEORGE S. WALLACE, for appellant.

T. B. SHEPPARD, for appellee.

DENT, JUDGE:

The appeal of the Springfield Malleable Iron Co. in the case
of Thomas Maxon's Administratrix against The Maxon-Miller
Co. from the circuit court of Cabell County, presents the single
question as to whether the allowance, by the circuit court in its
decree, to the estate of Thomas Maxon, deceased, the sum of
$257.18 as salary for said Maxon's services as president of
such company, is supported by law. The record shows negative-
ly that the stockholders never authorized such allowance to be
made either before or after the services were rendered. No
brief is filed in behalf of the appellee. The appellant relies on
the case of *Ravenswood S. & G. Ry. Co.* v. *Woodyard,* 46 W. Va.
558, (33 S. E. 285), as being conclusive in the present case.
In that case it was held that no allowance could be made to a
president of a corporation unless by resolution or by law of the
stockholders for the reason that section 53, chapter 53, Code,
provides that "There shall be no compensation for services ren-

dered by the president or any director, unless it be allowed by the stockholders." For a full discussion of the matter reference is made to the case cited. The statute governs this case and determines it in favor of the appellant. The decree complained of therefore in so far as it decrees to the estate of Thomas Maxon, deceased, the sum of $257.18, for services rendered by him as president of the Maxon-Miller Co. is reversed, and in all other respects affirmed with costs against the administratrix, to be paid out of any funds in her hands to be administered.

*Reversed in part.*